Vincent W. Davis. Esq. (SBN 125399)
Duane Folke, Esq. (SBN 137341)
Edna V. Wenning, Esq. (SBN 130377)
Law Offices of Vincent W. Davis and Associates
440 E. Huntington Drive, Suite 100
Arcadia, California 91006
Telephone: 626-446-6442
Fax: 626-446-6454
Email:  edna@vincentwdavis.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE SHEROUSE individually and doing business as CAMP LILA, | **CASE NO:** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | First Claim for Relief: Violation of Civil Rights (42 U.S.C. § 1983) 14th Amendment Fabrication of Evidence; |
| CITY OF  COSTA MESA, by and through CODE ENFORCEMENT DIVISION, a public entity; ANDY GODINEZ, in both his official capacity and as an individual; STATE OF CALIFORNIA DEPARTMENT OF SOCIAL SERVICES COMMUNITY CARE LICENSING DIVISION,  a public entity; BERTHA MANZANAREZ, in both her official capacity and as an individual and DOES 1 through 20, inclusive, | Second Claim for Relief: Violation of State Civil Rights; Tom Bane Act |
| | Third Claim for Relief Injunctive Relief |
| | Fourth Claim for Relief:  Monell-Related Claims |
| Defendants, | **DEMAND FOR JURY TRIAL** |

Plaintiff KATHERINE SHEROUSE, individually and doing business as CAMP LILA, respectfully represents and alleges as follows:

## PARTIES

1.     At all times mentioned in this Complaint, Plaintiff KATHERINE SHEROUSE ("SHEROUSE") was a resident of Orange County, State of California, doing business as CAMP LILA ('CAMP LILA') in the City of Costa Mesa.

-1-

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446-6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446-6454

2.      At all times applicable herein, defendant CITY OF COSTA MESA ('COSTA MESA") was, and is, a public entity.

3.      At all times applicable herein, CODE ENFORCEMENT DIVISION ("CODE ENFORCEMENT") was, and is, a subdivision or entity of the CITY OF COSTA MESA.

4.      At all times applicable herein, the DEPARTMENT OF SOCIAL SERVICES COMMUNITY CARE LICENSING DIVISION ("CCLD") was, and is, a subdivision or entity of the STATE OF CALIFORNIA DEPARTMENT OF SOCIAL SERVICES ("DSS").

5.      Plaintiff is informed and thereon alleges that, at all times applicable herein, Defendant ANDY GODINEZ ("GODINEZ") was an individual residing in the County of Orange, and was an officer, agent, and employee of the CITY of COSTA MESA CODE ENFORCEMENT DIVISION.  Defendant GODINEZ is sued herein in both his individual capacity and in his official capacity as Code Enforcement Officer of the CITY OF COSTA MESA.

6.      Plaintiff is informed and believes and thereon alleges that, at all times applicable herein, defendant BERTHA MANZANARES ("MANZANARES") was an individual residing in the County of Orange, and was an officer, agent, and employee of the DEPARTMENT OF SOCIAL SERVICES ("DSS") COMMUNITY CARE LICENSING DIVISION ("CCLD").   Defendant MANZANARES is sued herein in both her individual capacity and in her official capacity as an employee  COMMUNITY CARE LICENSING DIVISION ("CCLD").

7.      Plaintiff SHEROUSE  is informed and believes and thereon alleges that Defendants, Does 1 through 20, inclusive (hereinafter referred to as "Does"), are now and at all times herein mentioned in this Complaint were individuals and residents or were entities – either governmental or otherwise – operating and/or doing business in and around the County of Orange, State of California, and were in some manner employed by and acting within the scope of their employment on behalf of Defendant CITY OF COSTA MESA and DEPARTMENT OF SOCIAL SERVICES COMMUNITY CARE LICENSING DIVISION, whether by and through LICENSING DIVISION or some other means, and were involved – either directly as individual actors, or alternatively as supervisors of the same – in the violations of Plaintiff's rights and injuries alleged elsewhere in this Complaint.

8       Defendant CITY OF COSTA MESA ("CCM") also known as "CITY OF ARTS" was at all times alleged herein to be responsible for the appointment and promotion of employees of CCM, and for the supervision, training, instruction, discipline, control, and conduct of said employees.

9       At all times alleged herein, Defendant DSS COMMUNITY CARE LICENSING DIVISION ("CCLD") had the power, right, and duty to control the manner in which the individual defendants carried out the objectives of their employment and to assure that all orders, rules, instructions, and regulations promulgated were consistent with the United States Constitution, the California Constitution, the laws of the United States, the laws of the State of California, and the laws of the local municipalities.

10.     Plaintiff is informed and believes and on such basis alleges that at all relevant times, defendants, and each of them, were the knowing agents and/or alter egos of one another, and that Defendants directed, ratified and/or approved the conduct of each other defendants, and each of their agents and employees, and are therefore liable for the acts and omissions of their co-defendants, their agents and employees as more fully alleged herein.  Moreover, all of the Defendants agreed upon. Approved, ratified, and/or conspired to commit all of the acts and/or omissions alleged in this complaint.

## COMMON ALLEGATIONS

11.     Camp Lila is a provider of enrichment classes and instruction for art, music, and yoga for children ranging in age from three to eight years old.  The class named "morning glories" start at 8 a.m. and ends at 12 noon while the "wild hearts" start at 12 and ends at 4 p.m.  These classes are held at 175 Cabrillo Avenue in Costa Mesa in a single residential family home zoned as R3.

12.     On or about September 2, 2020, zoning administrator Willa Bouwens-Killeen stated in writing that the premises known as 175 Cabrillo Avenue in Costa Mesa has "been approved as an artist's studio.  As part of that, it is understood that children will be coming to the site for artistic enrichment that will be considered as an ancillary use to the artist's studio. . . .I wanted to let you know that if you offer regular outdoor activities, you will need to file a Minor Conditional Use

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446-6442, FACSIMILE (626) 446-6454

1   Permit application."   Attached and incorporated herein as Exhibit A is a copy of an email from Ms.

2   Bouwens-Killeen to plaintiff's husband, Joel De Marzo dated September 2, 2020.

3       13.     The City of Costa Mesa City Planner Nancy Huynh verbally told Ms. SHEROUSE

4   and her husband JOEL DE MARZO at City Hall on June 16, 2021 that SHEROUSE may legally

5   teach art, music, and yoga classes up to 14 children on the premises.  Zoning administrator of the

6   CITY OF COSTA MESA Willa Bowens-Killeen collaborated with plaintiff SHEROUSE in

7   compliance with the city's requirements to enable her to operate Camp Lila in Costa Mesa known

8   as, "The City of Arts."  Ms. Killeen advised Ms. SHEROUSE that she could start teaching classes

9   without obtaining a Conditional Use Permit (CUP)  for the classes.

10      14.     On July 26, 2021 plaintiff advised Nancy Huynh that she obtained a small home day

11  care license from the State of California.  Plaintiff was requesting a license for a large home day

12  care license from the State, but the City of Cosa Mesa's approval was needed to obtain a large home

13  day care license.  Ms. Huynh said this was not possible.   Ms. Huynh said people could live in the

14  premises but refused to put this in writing.

15      15.     Plaintiff submitted plans to the City in order to convert the use of the premises from

16  residential R3 to commercial  A3, but was told that a complete code analysis and compliance would

17  be needed for conversion.  Original plans were submitted to the City in support of plaintiff's plan to

18  convert the premises from R3 to A3.  However, the conversion did not occur because plaintiff could

19  not meet the requirements for transition to commercial use and the property remained an R3.   As a

20  result, no changes were made on the property except for the fence.  There were no structural or any

21  electrical changes made in the property.  The plan for the fence was submitted to the City on

22  September 20, 2021.  Willa Bowens-Killeen assured plaintiff in an email that if plaintiff opened the

23  slats on the fence the City would accept it as long as it is not blocking the line of sight for parking.

24  Ms. Killeen also stressed on September 9, 2020 that there was no need for conditional use permit

25  CUP unless plaintiff wanted to use the outside extensively.

26      16.     Plaintiff simply made cosmetic changes to the property such as putting in a new

27  window, and a patio cover that was done pursuant to code as presented by an architect. The plans

28

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446-6454

**COMPLAINT FOR DAMAGES**

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446-6454

1 for the fence were resubmitted on November 2, 2020 and receipt was acknowledged by the City on

2 November 19, 2020.

3     17.     Plaintiff SHEROUSE held enrichment classes for art, music and yoga  providing

4 educational enrichment to the children in the neighborhood to the delight of the students and their

5 parents as manifested by comments of the parents in Camp Lila's website.     Attached and

6 incorporated herein by reference as Exhibit B is a printout from the website.

7     18.     Recently, however, the City changed the zoning in Camp Lila's premises to a green

8 zoning allowing the lucrative entry of cannabis dispensaries in the area.    This newly emerging

9 business, however, is anathema to an area where children attend classes since it could not operate

10 within 1000 feet of Camp Lila.  Defendant CCM launched its campaign to pave the way for cannabis

11 dispensaries in Camp Lila's neighborhood over appreciation of arts, music, and yoga in the "City of

12 Arts." This, with a campaign of harassment, intimidation, misrepresentation, and subterfuge to force

13 the plaintiff into hiring legal representation.

14     19.     With the change in zoning, Camp Lila was besieged with efforts to prevent them from

15 continuing its operation as an arts, music, and yoga  appreciation class in a future cannabis-

16 dominated area.  Plaintiff SHEROUSE was approached by neighboring businesses to determine if

17 she had any objections to opening cannabis dispensaries in the area.  Plaintiff was offered pay-offs

18 so that she could stop operating her classes until the cannabis dispensary was licensed.   SHEROUSE

19 was told that her classes were blocking three (3) businesses from opening cannabis dispensaries in

20 the area.

21     20.     On October 14, 2021 LORRAINE LAMBETH of 175 Cabrillo Street reported Camp

22 Lila  to STATE COMMUNITY CARE LICENSING DIVISION  (CCLD) that CAMP LILA was an

23 unlicensed day care facility. **This was not true as Camp Lila is not a day care center.**  It is an art

24 enrichment program where children receive instructions and appreciation in a structured setting for

25 arts, music, and yoga.

26     21.     On or about February 2022 defendant GODINEZ  started issuing notices of violations

27 directed to landlord Franz Fitz, and not to plaintiff SHEROUSE alleging violations of Costa Mesa

28 Municipal Code Sections ("CMMC") Sections 13-26 land use violation demanding **<ins>immediate</ins>**

-5-
COMPLAINT FOR DAMAGES

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446-6442, FACSIMILE (626) 446-6454

**cessation** of Camp Lila's business operations.  Attached as Exhibit C is a true and correct copy of the citations issued to the landlord.  The City also demanded that plaintiff obtain a Conditional Use Permit (CPU) for operating a day care without a license.   The City alleged a kitchen-sink approach to the perceived land use violations such as operating an illegal day care which Camp Lila is not; fencing which was not approved and was not properly set back despite plans being sent and approved by the City; and "risk of child endangerment" without specifying what sort of risks are attendant to an art, music and yoga appreciation class in a wholesome, clean,  and aesthetic environment typically seen in Architectural Digest magazines.  Camp Lila is immaculately kept and well- laid out for art, yoga, and music appreciation.  Attached and incorporated herein by reference as Exhibit D are photographs of the interior of Camp Lila.

22.     The City also demanded immediate inspection of "*potential code violations*" of City of Costa Mesa Municipal Code Section 13-16 attached herein as Exhibit E.    Plaintiff is accused of violating Section 13-16 of the Municipal Code which states: "No new building shall be erected, nor shall any building or land be used for any purpose except as provided and .allowed for in this Zoning Code. (Ord. No. 97-11, Sections 2, 5-5-97)."   This Section 13-16 is vague and ambiguous and is void for vagueness  as it devolves that plaintiff is accused of violating all sections in land use regulations in all zones in the City of Costa Mesa, (also known as the City of Arts) pursuant to Municipal Code Section 13-16 as cited.  It is impossible for one business entity to violate all of the land use code sections as each section cancels one another and a single- family home  where Camp Lila operates cannot violate all kinds of land uses such as single family, commercial, parking, planned unit development, institutional, mixed use, institutional and recreational multi-use district use. IT IS SIMPLY IMPOSSIBLE TO VIOLATE ALL LAND USES  Plaintiff is faced with Zeno's paradox as plaintiff can never comply with the City's citations of land use code violations that are so vague, ambiguous and are void for vagueness.  It is impossible for Camp Lila to comply with the City's citations that are actually a pretext to close down Camp Lila in favor of the entry of cannabis business in the City.   How can one single family home violate all single-family use and concurrently violate commercial use, shopping center use, industrial park use, planned unit development, residential, commercial industrial and multi-use overlay land use?

**COMPLAINT FOR DAMAGES**

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446-6454

23.     In view of the City's accusations that plaintiff 'violated all land use code sections 13-26, plaintiff is referred for criminal prosecution and immediate closure of business.   The three notices of citations served on plaintiff's landlord is not only vague but is void for vagueness and did not provide sufficient notice to plaintiff since it was sent to plaintiff's landlord in a different address. In an attempt to comply with the City's impossible demands,  plaintiff submitted photographs of the interior of Camp Lila to the City in advance of the demanded inspection for potential code violations. Plaintiff's counsel sought to cooperate with City counsel, Veronica Donovan (Donovan),  to schedule an inspection for March 18, 2022 at 4 p.m. when there are no students in the premises so as to avoid disrupting the classes and to ensure safety of the children and respond to City's citations for alleged code violations requiring immediate closure of business.

24.    Counsel for plaintiff wrote,

"Unfortunately, we have not received any response to our prior email(s)? You lead us to believe that "Time was of the essence"; however, we have not received any responses to our successive emails? Hopefully, by now your office has received the "Cover Letter" from "Camp Lili" indicating that there have been no "Structural Changes" to the subject property. Furthermore, there has been no electrical, nor plumbing addressed at the subject property. As such, we are providing information to show that your Client was aware of the subject use of the real property in question; and that they understood exactly what Camp Lili was doing at the site. As such, it appears that this is simply a "Pretext" to assert that "Camp Lili" is not in compliance with the use of the property despite the statute and/or ordinance which purportedly "Addresses" the issue being so vague that its' substance under Constitutional legal principles is "Void for Vagueness".As such, it appears that the City of Costa Mesa is wrongfully proceeding against "Camp Lili" to drive them out of business so that "Cannabis Establishments" can be put in its' place as the current Cannabis businesses in the area cannot operate next to a school or where children congregate.

Therefore, it appears that no matter what our Clients do there will be no action which will appease the City of Costa Mesa Code Enforcement Department because the

real reason behind the actions being done is essentially to make their tenancy miserable so that they will "Voluntarily" give up and leave after Thousands of Dollars of investment into this structure in an effort to provide "Arts Enrichment Education" to Children Ages 3-8 in the City of Costa Mesa and beyond. Without the ability to "Communicate" with your office; formerly being told not to contact the Code Enforcement Department [As legal counsel represents them]; and your Client is proceeding to obtain a "Warrant" for an "Emergency" which does not exist. As such, we are forced to proceed to Federal District Court to address these issues as your silence is Deafening?"     Attached as Exhibit F is a copy of the email from plaintiff's counsel. *[Plaintiff is simply narrating the timeline in referring to this communication with City Counsel.  It is not plaintiff's intent to present counsel Duane Folke as a witness, but simply to provide context to the inspection.]

25.     On Friday, March 11, 2022, counsel for the City, Veronica Donovan, through misrepresentation and deception obtained an inspection warrant from Judge Bradley Erdosi wherein defendant ANDY GODINEZ represented to the court that he believes that the property known as 175 Cabrillo Street, Costa Mesa (Camp Lila) has illegal business and illegal alterations/improvements to the property in violation of local city's municipal Code.  Attached and incorporated herein as Exhibit G is a copy of the warrant dated March 11, 2022.   The warrant did not specify exactly what sections of the local city's municipal code(s) were violated by plaintiff. Based on information and belief, the warrant lacked specificity because Godinez was to conduct a fishing expedition to substantiate potential specific code section(s) violations so that the City could cite plaintiff leading to immediate closure of business in order to pave the way for cannabis dispensaries to operate in the area.   There was no emergency warranting immediate closure of Camp Lila nor was there any imminent danger to the children at Camp Lila.   The warrant was signed based on GODINEZ'S misrepresentations to Judge Bradley Erdosi.  There is no governmental immunity for deception in judicial proceedings.  Counsel for the City insisted on serving the warrant during class hours from 1 p.m. onward when children were attending classes at Camp Lila.  The warrant allowed for execution within 14 days from March 11, 2022, but defendants barged into Camp Lila

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446-6454

**COMPLAINT FOR DAMAGES**

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446-6454

during business hours on the same day the warrant was issued on March 11, 2022.   There were representatives from the Fire Department, Police Officer(s); Code enforcement Officer, building official, planning official, Orange County Health Department Official and Department of Social Services.   Veronica Donovan demanded immediate entry commanding that they should break the window, break the lock, and immediately enter the premises despite the presence of children.   One of the attendees at Camp Lila was observed crying and being carried by an adult, obviously, the entry of the entire force of the city, Fire Department, DSS and counsel for the City was intended to harass, intimidate, threaten and subject plaintiffs into submission due to the looming  threat(s) of closure by defendants in order to allow entry of the cannabis population which was favored by the City of Costa Mesa.

26.     Defendants forced entry into Camp Lila armed with a warrant that was issued based on misrepresentations before a judge was initiated by the City of Costa Mesa in order to permanently close Camp Lila.   There were no specific code violations, there were no unpermitted alterations to the property and there were no imminent threats to the children.   Attached as Exhibit D to the complaint are photographs of the interior of Camp Lila.    Defendants and each of them, had to enter Camp Lila at all costs.

27.     The fishing expedition resulted in yellow-tagging the garage which was allegedly used for habitations which is untrue.   The garage was only used for storage.   The yellow tag was for alleged unpermitted electrical wiring.   However, the wiring was done 40 years ago prior to plaintiff's engagement in the property and the only work done forty (40) years ago was to splice a wire to add a branch off a main circuit line which is a simple and ordinary procedure as depicted herein in Exhibit H attached. Again, the outcome of the emergency inspection supports plaintiff's position that the emergency nature of the inspection was a pretext to close down Camp Lila in favor of cannabis dispensaries entry into the area.

28.     The dramatic entrance of the swarm of officials, police officers, building code enforcement armed with the general warrant presented Camp Lila to the neighborhood and the general public in false light and caused fear and apprehension on the children, parents, and the neighborhood.   There was no emergency situation, building code violations warranting immediate

entry to the premises.  The warrant and the untimely entry of the group created fear for the children and humiliation on plaintiffs' part as owner of Camp Lila.

29.    The State of California Community Care Licensing Division (CCLD) issued numerous citations to plaintiffs and also demanded closure of the business based on violations of California Health & Safety Code Sections 1508, 1568.03; 1569.10 or 1596.80.   Camp Lila is not a Child Care Center, Family Child Care Home, nor a Community Care Facility. **Rather, Camp Lila is engaged in providing "Arts Enrichment to children ages 3-8 years old.** Arts enrichment is a hands-on experience offered to children where children are engaged in looking at art; intelligently talking about art; learning art skills and creating art. This business is not a child care center, family child care home nor a community care facility.   According to Title 22, Division 12, Regulations- Child Care Center General Licensing Requirements, Article 1 General Requirements and Definitions **101152 (c) (7)** "Child Care Center" or "Day Care Center" means any child care facility of any capacity, other than a family child care home as defined in Section 102352f(1), in which less than 24-hour per day nonmedical care and supervision are provided to children in a group setting. *The term "Child Care Center" supersedes the term "Day Care Center" as used in previous regulation*s.

30.   CCLD accused plaintiffs of violating *Health and Safety Code Section 1568.03* which provides:

**"a)** No person, firm, partnership, association, or corporation within the state and no state or local public agency shall operate, establish, manage, conduct, or maintain a residential care facility in this state without first obtaining and maintaining a valid license therefor, as provided in this chapter.

**(b)** A facility may accept or retain residents requiring varying levels of care. However, a facility shall not accept or retain residents who require a higher level of care than the facility is authorized to provide. Persons who require 24-hour skilled nursing intervention shall not be appropriate for a residential care facility." *Cal. Health & Saf. Code § 1568.03*

31.    Plaintiffs did not violate this provision as Camp Lila is not a residential care facility.

32.    DCLC accused plaintiffs of violating *Health and Safety Code Section 1569.10* which provides:"No person, firm, partnership, association, or corporation within the state and no state or

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446-6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446-6454

local public agency shall operate, establish, manage, conduct, or maintain a residential facility for the elderly in this state without a current valid license or current valid special permit therefor, as provided in this chapter. *Cal Health & Saf Code § 1569.10.*"

33.    Plaintiff could not have violated this provision as she does not operate a residential facility for the elderly.

34.    Plaintiff was also accused of violating *Health & safety Code Section 1596.80* which provides: "No person, firm, partnership, association, or corporation shall operate, establish, manage, conduct, or maintain a child day care facility in this state without a current valid license therefor as provided in this act. *Cal Health & Saf Code § 1596.80.*"

35.    Plaintiff does not run a child day care facility hence; plaintiff could not have violated this provision.

36.    None of the allegations hurled against Ms. Sherouse and Camp Lila is based on evidence and yet CCLD evaluator concluded "facility owner continues to operate without a childcare license . . . the unlicensed care allegation was substantiated . . ." This was not true.   Defendants were requested to cease and desist from issuing any more unfounded accusations and allegations of violations that were unwarranted and based on mere speculation by its evaluator.  Defendant  CCLD demanded payment of over 18,000 in accrued penalties from these unfounded allegations and further demanded closure of Camp Lila as well.

### FIRST CLAIM FOR RELIEF

**First Cause of Action: Violation of Civil Rights (42 U.S.C. § 1983))    14th Amendment Fabrication of  Evidence; Judicial Deception  Against  Defendants Andy Godinez;  State of California Community Care Licensing Division,   a public entity; Bertha Manzanares and DOES 1-20.**

37.    Plaintiff realleges, incorporates  herein as if set forth in full, paragraphs 1 through 33 above.

38.    The United States Code *section 1983* provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured

by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

39.     Plaintiff has been operating the arts enrichment program for over two (2) years in the City of Costa Mesa.  This was plaintiff's main source of income as she expended substantial sums of money to furnish the center with quality furniture suitable for the appreciation of arts, music, and yoga. Plaintiff loves what she does and has more than an abstract need or desire for it. She has more than a unilateral expectation of operating the program in the City.  She has a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property law to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the U.S. Constitutional right to a hearing to provide an opportunity for a person to vindicate those claims above allegations of fact and law as though fully set forth herein. The due process clause provides that no state shall deprive any person of life, liberty, or property, without due process of law. Before reaching any question about the fairness of a particular proceeding under the federal constitution, the court must first address whether a protected interest--life, liberty, or property--is implicated.  Plaintiff has well established by law,  a property interest in operating the arts enrichment, yoga and music appreciation program and the procedural protections of *U.S. Const. amend. XIV* come into play.

40.     Plaintiff's ***property interest*** warrant protection for due process purposes as she has clearly more than an ***abstract*** need or ***desire*** for it. She ***has*** more than a ***unilateral expectation*** of it. She has a ***legitimate claim of entitlement*** to it. It is a purpose of the ***ancient institution*** of property to protect those claims upon which ***people rely*** in their ***daily lives***, ***reliance*** that ***must not*** be ***arbitrarily undermined***. Property interests are protected by the Constitution and are also created, and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of ***entitlement*** to those benefits.

41.     Commencing by at least, in February 2022, and continuing to the present, defendants, and each of them, were acting under color of state law when they acted, agreed, and/or conspired to unlawfully accuse, threaten, intimidate, harass, vex, and annoy plaintiff with repeated visits,

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446-6454

monitoring and issuance of vague and ambiguous void for vagueness citations on the part of the City of Costa Mesa, defendant Godinez and its agents, employees and assignees.   The citations are so vague and absurd as stated in paragraphs 20 through 25.   Defendants under color of law obtained a warrant through judicial deception by stating unfounded general allegations describing a non-existing emergency resulting in a yellow-tagging of a garage that was not even used for habitation but as storage space supporting plaintiff's claim that the citations, unwarranted inspections were nothing but a pretext to close down Camp Lila so that the cannabis industry favored by the City of Arts can enter an occupy the premises where the center for music, arts and yoga appreciation is situated.

42.   Commencing in October, 2021 and continuing to the present, defendants COMMUNITY CARE LICENSING DIVISION (CCLD) and BERTHA MANZANARES started conducting regular surveillance of the premises in plain view of the students and their parents and initiated issuing numerous notices of violations of California Health & Safety Code Sections 1508, 1568.03; 1569.10 or 1596.80 which statutes do not apply to plaintiff who operates a program for enrichment/appreciation of arts, music and yoga in the City of Costa Mesa.   The numerous notices of violations are unfounded, without basis in any facts or law as more fully described in paragraphs 26 through 33.

43.   Defendants, and each of them, maliciously conspired to violate the civil rights of SHEROUSE, including violation of SHEROUSE's property rights found in the Fourteenth Amendment of the United States Constitution, by, continuing to issue unwarranted notices of violations with penalties based on warrant that was obtained through judicial deception and based on violations of statutes (Health & Safety Code Sections) that do not apply to plaintiff and Camp Lila.

44.   By these actions, defendants, and each of them, interfered and/or attempted to interfere with plaintiff's constitutional right to property interest under the Fourteenth Amendment, as well as those rights applicable to California law rising to the level of constitutionally protected rights.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446-6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446-6454

45.     As a direct and proximate result of defendants' actions, plaintiff has suffered, and will continue to suffer, physical, mental and emotional injuries, as well as loss of livelihood in operating the art, music and yoga appreciation center, all to an extent and in an amount subject to proof at trial, SHEROUSE has also incurred, and will continue to incur attorney fees, costs and expenses, including those authorized by 42 U.S.C. Section 1988, to an extent and in an amount subject to proof at trial.

46.     Plaintiff is informed and believes and thereon alleges that defendants, and each of them, acted with malice and with the intent to cause injury to SHEROUSE, or acted with a willful and conscious disregard of the rights of SHEROUSE in a despicable, vile, and contemptible manner. Therefore, SHEROUSE is entitled to an award of punitive damages for the purpose of punishing these defendants, and each of them, in order to deter them, and others, from such conduct in the future.

47.     All of the defendants CITY OF  COSTA MESA, by and through   CODE ENFORCEMENT DIVISION, a public entity; ANDY GODINEZ, in both his official capacity and as an individual; STATE OF CALIFORNIA DEPARTMENT OF SOCIAL SERVICES COMMUNITY CARE LICENSING DIVISION,  a public entity; BERTHA MANZANAREZ acted in concert in such a manner that plaintiff by this complaint seeks both federal injunctive and substantive relief, including but not limited to:  (a) cessation of all forms of harassment, intimidation and threats; (b) continued operation of Camp Lila without disturbance and intimidation from all defendants; (c ) a specific declaration of what needs to be done to the fence so plaintiff can comply reasonably and/or a confirmation from defendant City of Costa Mesa that the fence complies with applicable municipal code sections as previously determined by the city.

**SECOND CAUSE OF ACTION**

**Violation of State Civil Rights (Civil Code § 52.1))   Tom Bane Act  Against  Defendants City of Costa Mesa, Andy Godinez; Community Care Licensing and Manzanares and DOES 6-10**

48.     Plaintiff realleges, incorporates  herein as if set forth in full, paragraphs 1 through 43

49.     At the time of the incidents as set forth in the averments above, the rights of persons within the jurisdiction of the United States of America under both Amendment IV and XIV to the United States Constitution to due process of law and the equal protection of the laws as well as the right to be free from unreasonable searches and seizures under the Fourth Amendment were in full force and effect, and the individual defendants who engaged in conduct, as set forth above, deprived Plaintiff of her constitutional rights, which violated those rights, and violated the Fourth and Fourteenth Amendment to the United States Constitution.

50.     At the time of the incidents as set forth in the averments above, Article I, § 13 of the California State Constitution provided the identical text as the Fourth Amendment to the United States Constitution, and was and is reasonably interpreted to have the same meaning, intent, and effect regarding civil rights and protection from government misconduct as the Fourth Amendment to the United States Constitution.

51.     Plaintiff, at all times material, was a person who was legally entitled to the full rights under both the Fourth Amendment to the United States Constitution and Article I, § 13 of the California Constitution.

52.     Defendants – including Defendants City of Costa Mesa  and Andy Godinez in particular – violated Plaintiff's rights under such provisions within the meaning of California Civil Code § 52.1(b), as follows:

a.     *Threats*: Plaintiff was threatened into being criminally prosecuted in violation of her rights by the written citations of Defendants CCM and Godinez and others, which included both implicit and explicit threats of harm for non-compliance, as well as demonstration of such threats by in fact causing emergency entry based on a warrant that was purloined through judicial deception during class hours in the presence of students, neighbors and parents with  serious and illegal injury to Plaintiff's person in order to demonstrate such threats and obtain impossible compliance from plaintiff with citations to municipal code sections that are void for vagueness and vague and ambiguous.  The illegal citations were actually a pretext to close Camp Lila in order to pave the entry of lucrative cannabis industry in place of art, music, and yoga appreciation.

b.     *Intimidation*: Plaintiff was intimidated by Defendants CCM and Godinez direct threat that (YOUR CASE WILL BE FORWARDED FOR CRIMINAL PROSECUTION) and immediate compliance of land use violations of Costa Mesa Municipal Code Sections 13-26 which are so vague and ambiguous that plaintiff was expected to correct land use violations of not only a single family use, but also concurrently violate commercial use, shopping center use, industrial park use, planned unit development, residential, commercial industrial and multi-use overlay land use as more fully described in paragraphs 22 through of the complaint.

c.     *Coercion*: Plaintiff was coerced into entry of a swarm of police officers, city employees, fire department employees, Veronica Donovan, county counsel who commanded that the windows be broken, locks broken and gain entry on a Friday afternoon at 1 p.m. in the presence of students during class hours.   Donovan could not even wait for 4 p.m. to allow the students to leave the premises.  Their entry was based on a warrant obtained through judicial deception as the alleged inspection was really to find POTENTIAL code violations as a pretext to drive out Camp Lila from the neighborhood in favor of the entry of cannabis dispensaries in the area being occupied by Camp Lila.

53.     Defendants' actions, including those of Defendants CCM and   GODINEZ   in particular, violated Plaintiff's right to be free from unlawful searches and seizures as protected by the Fourth Amendment to the United States Constitution as well as Article I, § 13 of the California Constitution. Such actions discouraged Plaintiff from asserting her rights in the presence of members of defendant CCM, including but not limited to his right to not consent to searches of her place of business, the center in the presence of children during class hours.  Such actions had no legitimate legal basis and served only to intimidate, harass, and otherwise prevent Plaintiff from exercising her rights.   There was no emergency warranting an entry at 1 p.m.

54.     Defendant CCM is vicariously responsible for the conduct of the individual defendants herein, including but not limited to Defendant GODINEZ inclusive, under California Government Code § 815.2 and other applicable statutory and case law, as well as the common law doctrine of *respondeat superior*.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446-6454

55.     Defendants – including Defendants CCLD  and MANZANARES in particular – violated Plaintiff's rights under such provisions within the meaning of California Civil Code § 52.1(b), as follows:

a.     *Threats*: Plaintiff was threatened into being civilly and criminally prosecuted in violation of her rights by the written citations of Defendants CCLD and MANZANAREES and others, which included both implicit and explicit threats of harm for non-compliance, as well as demonstration of such threats by in fact causing numerous visible surveillance in plain sight of students, parents, and neighbors followed by successive notices of unfounded accusations of being an unlicensed facility, violations of statutes that are not applicable to plaintiff and repeated demands for payment of penalties now totaling over $18,000 and continuing.  Based on information and belief, the illegal citations were actually a pretext to close Camp Lila in order to pave the entry of lucrative cannabis industry in place of art, music, and yoga appreciation in furtherance of the City of Costa Mesa's plan to close down Camp Lila in favor of incoming cannabis industry.

b.     *Intimidation*: Plaintiff was intimidated by Defendants CCLD, MANZANARES and others by direct threat that (YOUR CASE WILL BE FORWARDED FOR CIVIL AND CRIMINAL PROSECUTION), and immediate compliance of inapplicable Health & Safety Code Sections were demanded forthwith. as more fully described in paragraphs    through of the complaint.

c.     *Coercion*: Plaintiff was being coerced into compliance of inapplicable Health & Safety Code Sections and successive demands for payments of penalties for alleged unfounded violations of statutes that do not apply to Plaintiff.    The assessed penalties now total over $18,000.

56.     Defendants' actions, including those of Defendants CCM and  GODINEZ  in particular, violated Plaintiff's right to be free from unlawful searches and seizures as protected by the Fourth Amendment to the United States Constitution as well as Article I, § 13 of the California Constitution. Such actions discouraged Plaintiff from asserting her rights in the presence of members of defendant CCM, including but not limited to his right to not consent to searches of her place of business, the center in the presence of children during class hours.  Such actions had no legitimate

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446-6454

**COMPLAINT FOR DAMAGES**

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446-6454

legal basis and served only to intimidate, harass, and otherwise prevent Plaintiff from exercising her rights.   There was no emergency warranting an entry at 1 p.m.

57.     As a direct and proximate result of the actions of the Defendants and each of them, Plaintiff has suffered, and will continue to suffer, physical, mental, and emotional injury, all to an extent and in an amount subject to proof at trial.

### THIRD CLAIM FOR RELIEF

Injunctive Relief against all Defendants   CCM, GODINEZ, COMMUNITY CARE LICENSING DIVISION, BERTHA MANZANARES, and DOES 1-20

58.     Plaintiff alleges, and incorporates herein as if set forth in full, paragraphs 1 through 53, above.

59.     As stated herein, Plaintiff SHEROUSE, as a citizen and individual, is protected by the laws of the State of California, as well as those of the United States Constitution, including the Fourteenth Amendment thereto.

60.     Defendants CITY OF COSTA MESA, GODINEZ, and DOES 1-10, 11-20, inclusive, and each of them, have wrongfully, unlawfully and with deliberate indifference to the rights of Plaintiff and with complete indifference to the CITY defendants, GODINEZ and DOES 1-10 duties and obligations to plaintiff, acted, practiced and/or adopted policies, procedures and/or customs which are in violation of the rights of SHEROUSE, including those to be free from governmental interference as to her property rights under the Fourteenth Amendment, including the right to be free from unreasonable searches and seizures, including the right to be free from deception in judicial proceedings and related actions and proceedings.

61.     Defendants COMMUNITY CARE LICENSING DIVISION, BERTHA MANZANARES and DOES  1 to 20, and each of them have wrongfully, unlawfully and with deliberate indifference to the rights of SHEROUSE, and in complete disregard of COMMUNITY CARE LICENSING DIVISION, BERTHA MANZANARES, and DOES  1-20 duties and obligations to Plaintiff, acted, practiced and/or adopted policies, practices procedures and/or customs which are in violation of the rights of SHEROUSE, including those to be free from governmental interference as to demanding compliance with statutes that do not apply to plaintiff, and demanding

-18-
**COMPLAINT FOR DAMAGES**

1 | payment of penalties in excess of $18,000 for violations of inapplicable statutes, and related actions

2 | and proceedings.

3 |       62.      Defendants CCM, GODINEZ, CCLD, MANZANARES and DOES 1-20, and each

4 | of them, have failed to acknowledge their improper, unlawful, and unconstitutional actions, conduct

5 | and policies at the time of the incidents at issue in the present action, and SHEROUSE is informed

6 | and believes, and on that alleges that presently all defendants have not changed or modified such

7 | actions, conduct and/or policies to conform to law.

8 |       63.      Defendants CCM, GODINEZ, CCLD, MANZANARES and DOES 1-20's wrongful

9 | and unlawful conduct, actions and/or policies, unless and until enjoined and restrained by order of

10 | this court, will cause, and continue to cause great and irreparable injury to SHEROUSE and CAMP

11 | LILA, and other individuals and citizens in that defendants and each of them, will continue to act in

12 | accordance with said unlawful policies, and with deliberate indifference to their duties and

13 | obligations under state and federal law, including those under the Fourteenth Amendment as alleged

14 | herein above.

15 |       64.      SHEROUSE has no adequate remedy at law to prevent or prohibit Defendants CCM,

16 | GODINEZ, CCLD, MANZANARES and DOES 1-20,and each of them, from continuing, and/or

17 | repeating, their unlawful and unconstitutional conduct and policies other than through injunctive

18 | relief, and therefore seeks an order enjoining and prohibiting Defendants CCM, GODINEZ, CCLD,

19 | MANZANARES and DOES 1-20, and each of them from, but not limited to the following:

20 |       a.      The policy of issuing citations that are vague and ambiguous and that are void for

21 | vagueness leaving the person against whom the citation(s) was issued without any adequate notice;

22 |       b.      The policy of inconsistent citations of code violations making is impossible (for the

23 | individual or entity cited) to comply with inconsistent and shifting  municipal code requirements;

24 |       c.      The practice and custom of providing verbal assurances and negating said verbal

25 | assurances when requested to memorialize the verbal assurances;

26 |       d.      The practice and custom of obtaining baseless inspection warrants through judicial

27 | deception;

28 |

1         e.     The practice and custom of favoring more lucrative businesses such as the cannabis

2    industry at the expense of art, music, and yoga appreciation for children;

3         f.     The policy and practice of using the courts for abuse of process in intimidating a

4    business owner to give up operations in the City of Costa Mesa in favor of more lucrative cannabis

5    businesses.

6         g.     The policy of using trickery, duress, fabrication and/or false testimony and/or

7    evidence, and in failing to disclose exculpatory evidence, in preparing an inspection warrant to the

8    court; demanding emergency inspection in the absence of an emergency; and demanding penalties

9    for section of the Health & Safety Code sections that do not apply to plaintiff and Camp Lila.

10   **FOURTH CLAIM FOR RELIEF -MONELL RELATED CLAIMS**

11   **Against Defendants CITY OF COSTA MESA by and through CODE**

12   **ENFORCEMENT DIVISION and COMMUNITY CARE LICENSING DIVISION and**

13   **DOES 1 – 20**

14        65.     Plaintiff realleges, and incorporates herein by reference as  if set forth in full,

15   paragraphs 1 through 59 above.

16        66.     Defendant CITY OF COSTA MESA, including and through its entity, CODE

17   ENFORCEMENT DIVISION, established and/or followed policies, procedures, customs and/or

18   practices (hereinafter referred to collectively as "policy" or "policies", which policies were the

19   moving force behind the violations of SHEROUSE's constitutional rights, including those under the

20   Fourteenth Amendment of the United States Constitution and the Constitution of the State of

21   California, by but not limited to:

22        a.     The policy of issuing citations that are vague and ambiguous and that are void for

23   vagueness leaving the person against whom the citation(s) was issued without any adequate notice;

24        b.     The policy of inconsistent citations of code violations making is impossible (for the

25   individual or entity cited) to comply with inconsistent and shifting  municipal code requirements;

26        c.     The practice and custom of providing verbal assurances and negating said verbal

27   assurances when requested to memorialize the verbal assurances;

28

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446-6454

**COMPLAINT FOR DAMAGES**

d.      The practice and custom of obtaining baseless inspection warrants through judicial deception;

e.      The practice and custom of favoring more lucrative businesses such as the cannabis industry at the expense of art, music, and yoga appreciation for children;

f.      The policy and practice of using the courts for abuse of process in intimidating a business owner to give up operations in the City of Costa Mesa in favor of more lucrative cannabis businesses.

g.      The policy of using trickery, duress, fabrication and/or false testimony and/or evidence, and in failing to disclose exculpatory evidence, in preparing an inspection warrant to the court; demanding emergency inspection in the absence of an emergency.

h.      by acting with deliberate indifference in implementing a policy of inadequate training and/or supervision, and/or by failing to train and/or supervise its officers, agents, employees and state actors, in providing the constitutional protections guaranteed to individuals, including those under the Fourteenth Amendment of the United States, and California Constitution, when performing actions related to licensing and in making decisions when arts and the lucrative cannabis business collide in the City of Costa Mesa.

g.      by acting with deliberate indifference in implementing a policy of inadequate training and/or supervision of employees in code enforcement division in strategizing pretexts to close established businesses with prevailing property rights in violation of constitutional rights under both the United States Constitution and Constitution of the State of California.

(This list is not exhaustive due to the pending nature of discovery.  Plaintiff reserves the right to amend this pleading as more information becomes available.)

67.      Defendant COMMUNITY CARE LICENSING DIVISION OF THE STATE OF CALIFORNIA, DEPARTMENT OF SOCIAL SERVICES, established and/or followed policies, procedures, customs and/or practices (hereinafter referred to collectively as "policy" or "policies", which policies were the moving force behind the violations of SHEROUSE's constitutional rights, including those under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of California, by but not limited to:

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446-6454

**COMPLAINT FOR DAMAGES**

a. The policy of intimidating business owners by visible surveillance of the premises in full view of the students and their parents and neighbors thereby presenting the established business in false light in the community and to its students and other individuals;

b. The policy of issuing violations of Health & Safety Code Sections that do not apply to an established business despite repeated assurances about the true nature of the established business and why the selected code sections do not apply;

c. The policy of making official unfounded accusations of violations of statutes and insisting on payments of penalties that are unwarranted and without any basis in law and in fact;

d. The custom and practice of favoring lucrative cannabis industry over established appreciation center for arts, yoga and music and ignoring hedonic benefits over financial gain in the City of Arts;

e. by acting with deliberate indifference in implementing a policy of inadequate training and/or supervision, and/or by failing to train and/or supervise its officers, agents, employees and state actors, in providing the constitutional protections guaranteed to individuals, including those under the Fourteenth Amendment of the United States, and California Constitution, when performing actions related to licensing and in making decisions when arts and the lucrative cannabis business collide in the City of Costa Mesa.

(This list is not exhaustive due to the pending nature of discovery. Plaintiff reserves the right to amend this pleading as more information becomes available.)

68. The CITY OF COSTA MESA by and through its CODE ENFORCEMENT DIVISION breached its duties and obligations to SHEROUSE including but not limited to, failing to establish, implement and follow the correct and proper Constitutional policies, procedures, customs and practices, by failing to properly select, supervise, train, control, and review its agents and employees as to their compliance with Constitutional safeguards; and by permitting GODINEZ and DOES 1-10, inclusive, to engage in the unlawful and unconstitutional conduct herein alleged.

69. The COMMUNITY CARE LICENSING DIVISION (DEPARTMENT OF SOCIAL SERVICES) by and through MANZANARES and DOES 11-20 breached its duties and obligations to SHEROUSE including but not limited to, failing to establish, implement and follow the correct

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446-6454

and proper Constitutional policies, procedures, customs and practices, by failing to properly select, supervise, train, control, and review its agents and employees as to their compliance with Constitutional safeguards; and by permitting MANZANARES, licensing evaluators and DOES 1-10, inclusive, to engage in the unlawful and unconstitutional conduct herein alleged.

70. The CITY OF COSTA MESA by and through CODE ENFORCEMENT DIVISION; COMMUNITY CARE LICENSING DIVISION (DEPARTMENT OF SOCIAL SERVICES) and DOES 1-20 and each of them, knew, or should have known, that by breaching the above-mentioned duties and obligations that it was reasonably foreseeable that they would and did, cause SHEROUSE to be injured and damaged by Defendants' wrongful policies, or deliberate lack thereof or deliberate indifference to the need for such policies, and/or training, and other acts as alleged herein, and that such breaches occurred in the contravention of public policy and their legal duties and obligations to SHEROUSE; and that such policies subject them to injunctive relief which SHEROUSE asserts herein.

71. These actions, and/or inactions, of CITY OF COSTA MESA and COMMUNITY CARE LICENSING DIVISION, DEPARTMENT OF SOCIAL SERVICES are the moving force behind, and direct and proximate cause of Plaintiff's injuries, as alleged herein; and as a result, SHEROUSE has sustained general and specific damages to an extent and in an amount to be proven at trial. Plaintiff has incurred, and will continue to incur, attorney fees, costs, and expenses, including those authorized by 42 U.S.C. Section 1988 and California Civil Code Section 52.1, which entitle SHEROUSE to compensatory and punitive damages, injunctive relief, statutory civil penalty (including $25,000 as to each defendant) and attorney fees as provided for by the laws and the Constitution of the State of California, and are requested herein.

WHEREFORE, PLAINTIFF respectfully prays and seeks the following relief as to the Causes of Action stated above:

1. For general damages according to proof at trial on each cause of action for which such damages are available,

2. For special damages according to proof on each cause of action for which such damages are available;

-23-

**COMPLAINT FOR DAMAGES**

3.  For punitive damages according to proof at trial on each cause of action for which such damages are available;

4.  For injunctive relief as prayed;

5.  For reasonable attorney fees and costs of suit, as allowed under the law;

6.  For such other relief as the Court deems proper and just.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES

Date:  April 1, 2022          By:      */s/ Duane R. Folke*
                                                Vincent W. Davis, Esq.
                                                Duane R. Folke, Esq.
                                                Edna V. Wenning, Esq.
                                                Attorneys for Plaintiff

PLAINTIFF REQUESTS  JURY TRIAL.

Dated:   April 1, 2022          LAW OFFICES OF VINCENT W. DAVIS &ASSOCIATES


                                        */s/ Duane R. Folke*

Vincent W. Davis, Esq.
Duane R. Folke, Esq.
Edna V. Wenning, Esq.
Attorneys for Plaintiff

**COMPLAINT FOR DAMAGES**

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTINGTON DRIVE, SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446-6454